902 F.2d 1569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dalanti D. HALL, Plaintiff-Appellant,
v.
Arthur M. NEY, Jr., Defendant-Appellee.
 No. 90-3024.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and HORACE W. GILMORE, District Judge.*
 
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, the brief of plaintiff and defendant's motions to dismiss, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a pro se 42 U.S.C. Sec. 1983 suit naming Arthur M. Ney, the Hamilton County Prosecutor, as the defendant. He alleged that he was sentenced in Montgomery County and that it was improper for other counties to prosecute him for similar crimes arising out of the same course of conduct. He sought relief from successive prosecutions. The district court determined that the complaint challenged the Montgomery County sentence, was properly treated as a 28 U.S.C. Sec. 2254 habeas corpus petition, and dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The district court further determined that the complaint sought to have Hamilton County's prosecution of plaintiff removed, but the court dismissed the issue pursuant to 28 U.S.C. Sec. 1915(d) because no constitutional violations were alleged. Plaintiff appealed, and the defendant has sought dismissal of the appeal on the basis that no certificate of probable cause was granted for the 28 U.S.C. Sec. 2254 action and on the basis that the Hamilton County sentence moots the action.
 
 
 4
 Although plaintiff's complaint mentions the Montgomery County sentence, it is clearly the subsequent prosecutions which he is seeking to extinguish; and Ney, the Hamilton County Prosecutor, is the only named defendant. The complaint is a 42 U.S.C. Sec. 1983 civil rights action and, as such, 28 U.S.C. Sec. 2253 does not require a certificate of probable cause. Although plaintiff has been sentenced in Hamilton County, plaintiff's complaint sought relief from all prosecutions in Ohio arising out of the same course of conduct for which he was convicted in Montgomery County. Therefore, the case is not moot.
 
 
 5
 The district court correctly determined that the complaint is frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Claims which lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Neitzke, 109 S.Ct. at 1833. The complaint lacks an arguable basis in law because there is no constitutional right to be prosecuted only once for similar crimes if such crimes occurred in one state. In addition, the county prosecutor is named as the defendant, and prosecutors have immunity from Sec. 1983 suits. Grant v. Hollenbach, 870 F.2d 1135, 1137-39 (6th Cir.1989).
 
 
 6
 It is ORDERED that the motions to dismiss be denied and the judgment of the district court as to Ney be, and it hereby is, affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation